**FILED**
DISTRICT COURT OF GUAM

JUN 16 2005

MARY L.M. MORAN
CLERK OF COURT

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00051 |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| CHONG SUK HAN, | |
| Defendant. | |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, CHONG SUK HAN, enter into the following plea agreement:

1. The defendant agrees to waive indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, and enter a guilty plea to an Information charging her with possession with intent to distribute less than five (5) grams of methamphetamine hydrochloride a/k/a "ice," in violation of 21 U.S.C. § §841(a)(1) and (b). The government will move to dismiss the indictment against her in Criminal Case No. 03-00003 upon sentencing.

1

2. The defendant, CHONG SUK HAN, further agrees to fully and truthfully cooperate with federal and local law enforcement agents concerning their investigation of the importation, possession, and distribution of controlled substances, and related unlawful activities, including the disposition of profits from and assets relating to such activities. She agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any other co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Northern Mariana Islands for any other non-violent offenses now known to the government or which she reveals to federal authorities.

3. The defendant, CHONG SUK HAN, understands and agrees that any and all assets or portions thereof acquired or obtained by her as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property. In particular, defendant agrees not to contest any administrative or court forfeitures of the $3,875.29 in United States currency which law enforcement officers discovered in her residence on January 26, 2003, and represented drug proceeds of her drug trafficking.

4. The defendant, CHONG SUK HAN, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in unlawful drug and related activities, including money laundering, and her knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant

or others through such unlawful activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

5. The defendant, CHONG SUK HAN, understands that the <u>maximum</u> sentence for possession with intent to distribute less than five (5) grams of methamphetamine hydrochloride a/k/a "ice" is incarceration for 30 years and a $1,000,000 fine. Any sentence imposed shall include a term of supervised release of at least three (3) years in addition to such terms of imprisonment, as well as a $100.00 special assessment fee. Defendant also understands a sentence of supervised release could be revoked during the term of such supervised release, thereby resulting in additional incarceration of defendant for up to two (2) years. The $100 special assessment fee must be paid prior to or immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt. If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines.

6. If defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by Section 5K1.1, United States Sentencing Guidelines, hereinafter USSG, and 18 U.S.C. Section 3553(e), for a downward departure from the Guidelines and the statutory minimum sentence. Defendant understands the following:

> (a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney.

- 3 -

(b) It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

(c) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

> (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;
>
> (3) the nature and extent of defendant's assistance;
>
> (4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and,
>
> (5) the timeliness of any assistance provided by defendant.

(d) It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

7. The defendant understands that to establish a violation of possession of less than five (5) grams of methamphetamine hydrochloride a/k/a "ice" with intent to distribute, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: defendant knowingly possessed less than five (5) grams of methamphetamine hydrochloride a/k/a "ice"; and

<u>Second</u>: defendant possessed it with the intent to deliver it to another person.

8. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the

- 4 -

sentence. The defendant also understands that the facts she stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

    a. The defendant was born on 1957, and is a citizen of the United States.

    b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used in determining the applicable guidelines range.

    c. On January 26, 2003, during a lawful search of the defendant's residence, law enforcement agents discovered less than five (5) grams of methamphetamine hydrochloride a/k/a "ice." Agents found the following items in the kitchen: numerous ziploc packaging bags on a spice rack on the kitchen counter; a Campbell's soup can with a false bottom that contained one (1) ziploc bag with 2.6 grams, gross weight, of methamphetamine hydrochloride that was located on a shelf inside a kitchen cabinet; underneath the lid of a can of apple pie filling was a ziploc bag with 2.4 grams, gross weight, of methamphetamine hydrochloride that was located on another shelf of said kitchen cabinet; a pink "Hello Kitty" plastic box with a fabricated glass pipe and a ziploc bag with 0.5 grams gross weight of methamphetamine hydrochloride that was located on another shelf of said cabinet; other drug paraphernalia including a beige scale and a box of straws that were located on shelves of said kitchen cabinet. Agents also recovered a green bottle with liquid which contained methamphetamine hydrochloride of approximately 19.0 grams, gross weight, that was found on the counter underneath said kitchen cabinet. From the defendant's bedroom, agents recovered $3,875.29 in U.S. currency that was found inside a Louis Vuitton bag under the vanity. Defendant knowingly possessed the above-referenced methamphetamine hydrochloride and intended to deliver them to other persons for profit. The $3,875.29 in U.S. currency found in defendant's bag was drug proceeds from her drug trafficking.

d. Pursuant to USSG Section 1B1.3, the parties agree and stipulate that the total amount of methamphetamine hydrochloride a/k/a "ice" attributable to the defendant as relevant conduct which may be considered for sentencing purposes in this case is the net weight, exclusive of packaging after laboratory analysis, of the above-referenced "ice" which law enforcement officers discovered in her residence on January 26, 2003, and which defendant intended to distribute to others for profit. After analysis of the drugs, a DEA forensic chemist determined that the total net weight was 4.63 grams of actual methamphetamine hydrochloride.

e. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

9. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus, defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

10. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

11. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. Her right to be represented by an attorney;

   c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

   d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

   f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

- 7 -

g. That she has had this agreement translated for her into her native language, and she fully understands it; and

h. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 6/15/05

_____
CHONG SUK HAN
Defendant

DATED: 6/15/05

_____
PETER C. PEREZ
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

DATED: 6/15/05                    By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 6.15.05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 8 -